Ardent Harmony Fund, Inc. v Fuschetto Home Improvements, LLC (2022 NY Slip Op 00159)





Ardent Harmony Fund, Inc. v Fuschetto Home Improvements, LLC


2022 NY Slip Op 00159


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2019-08418
 (Index No. 606169/18)

[*1]Ardent Harmony Fund, Inc., et al., appellants,
v
Fuschetto Home Improvements, LLC, et al., defendants, LAS Designs, Inc., respondent.


Reed Smith LLP, New York, NY (Casey D. Laffey and Pamela L. Schoenberg of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to set aside certain transfers pursuant to Debtor and Creditor Law former article 10, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Jeffrey S. Brown, J.), entered June 6, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant LAS Designs, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and denied the plaintiffs' cross motion pursuant to CPLR 3126 to impose sanctions against that defendant for spoliation of evidence.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant LAS Designs, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the plaintiffs.
The plaintiffs are judgment creditors of nonparties Donald Barrick and Nancy Barrick (hereinafter together the Barricks). The plaintiffs allege, in relevant part, that the Barricks paid more than $1 million to the defendant LAS Designs, Inc. (hereinafter the defendant), without fair consideration, and commenced this action against the defendant, among others, to set aside these transfers as fraudulent pursuant to Debtor and Creditor Law former §§ 273, 274, and 278 and to recover damages for those statutory violations and for unjust enrichment. After joinder of issue but before the completion of discovery, the defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it, and the plaintiffs cross-moved pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence. In an order entered June 6, 2019, the Supreme Court granted that branch of the defendant's motion and denied the plaintiffs' cross motion, and the plaintiffs appeal.
Contrary to the defendant's contention, it failed to submit sufficient evidentiary proof in admissible form to establish its prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging violations of Debtor and Creditor Law former §§ 273, 274, and 278 and unjust enrichment (see Can Man Carting, LLC v Spiezio, 165 AD3d 1029, 1031). Therefore, the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it should have been denied regardless of the sufficiency of the opposition papers (see Winegrad v New [*2]York Univ. Med. Ctr., 64 NY2d 851, 853).
The Supreme Court providently exercised its discretion in denying the plaintiffs' cross motion pursuant to CPLR 3126 to impose sanctions against the defendant for spoliation of evidence (see Henry v Atlantis Rehabilitation & Residential Healthcare Facility, LLC, 194 AD3d 1018, 1021).
In light of our determination, we need not reach the plaintiffs' remaining contentions.
IANNACCI, J.P., CHAMBERS, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court